Battle, J.
 

 We concur in the opinion given upon the case agreed by the presiding Judge in the Court below. The plaintiff’s counsel has contended, that, as the writ in the original suit was against both McElrath and Erwin, and they, upon being arrested gave a joint bond to the sheriff for their appearance to answer the action, they thereby became mutually bound as special bail for each other, and that consequently Erwin can be subjected in this manner as the bail of McElrath. But that cannot be so, because the obligation of Erwin, as a principal, is very different from what would be his obligation as special bail for the appearance of his co-defendant McElrath. As principal, he was bound to appear, answer the action and stand to and abide the judgment of the Court. From that he was discharged by the judgment of nonsuit, against the plaintiff as to him. As special bail, he ought to have had the right secured to him by the bond of discharging himself, as such by the surrender of his principal or otherwise according, to law.
 
 *498
 
 But sucb are not the terms of the bond either express or by any fair implication ; and, that being so, he cannot, according to the decision upon this point in the case of
 
 Clarke
 
 v.
 
 Walker,
 
 3 Ired. Rep. 181, be subjected by the plaintiff as the special bail of McElrath.
 

 We decline giving any opinion upon the question whether the sheriff himself can have any remedy upon the bond, if he should be subjected as special bail for Mc-Elrath, in consequence of his having failed to take special bail upon making the arrest in the original suit.
 

 Per Curiam, Judgment affirmed.